IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

JOSE SANTIAGO RODRIGUEZ,

  Petitioner,

        v.                            CIVIL NO. 15-2200 (PAD)

UNITED STATES OF AMERICA,

  Respondent.

**REPORT AND RECOMMENDATION**

**INTRODUCTION**

On October 22, 2014, a Grand Jury returned a two-count Indictment against Petitioner José Santiago Rodríguez ("Petitioner") for possession with intent to distribute controlled substances in violation of Title 21, United States Code, Section 841(a)(1), and for possession of a firearm in furtherance of a drug trafficking crime in violation of Title 18, United States Code, Section 924(c)(1)(A). (Criminal No. 14-635 (PAD)).

On December 12, 2014, Petitioner agreed to plead guilty to Count Two of the Indictment. Count One was dismissed upon Petitioner's pleading guilty to Count Two. Id., Docket No. 15.   The Plea Agreement recommended a sentence of sixty (60) months of imprisonment, or five (5) years.   Id., p. 4.   Petitioner was ultimately sentenced to a term of imprisonment of seventy-two (72) months of imprisonment or six (6) years.   Id., at Docket No. 31.

On August 31, 2015, Petitioner filed a *pro se* "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody." (Docket No. 1). Petitioner alleges he received ineffective assistance of counsel insofar as his attorney "… had made false promises to movant about the nature of the plea agreement in order to induce him to plead guilty."   (Docket No. 1, p. 4).   As a second ground for vacating the sentence, Petitioner avers he was denied due process because the District Judge imposed

the sentence based on his personal beliefs, and thus, was based on impermissible considerations and because the District Judge made an upward departure from the guideline range without giving Petitioner prior notice. Id. p. 5.

On April 7, 2016, the government submitted its response to the petition indicating there was no ineffective assistance of counsel because there was ample support in the record that the Court did not have to accept the five (5) year recommended sentence. (Docket No. 10). It also avers the Court imposed a sentence outside of the parties' recommendation because deterrence was needed due to Petitioner's recurrent criminal conduct, and that the Court properly imposed a sentence within the statutory range. Consequently, there was no upward departure.

Petitioner then filed a motion to oppose the use of a prior state conviction for sentencing, arguing that his previous state conviction is too remote to be considered in this case. (Docket No. 11).

On June 15, 2016, the presiding District Judge referred this matter to the undersigned for a Report and Recommendation. (Docket No. 12).

For the following reasons, the undersigned Magistrate Judge recommends that Petitioner's motion for post-conviction relief be DENIED.

**STANDARD**

Under Section 2255, a federal prisoner who claims that his "sentence was imposed in violation of the Constitution or laws of the United States" may "move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). Section 2255 provides the primary means of a collateral attack on a federal sentence. See United States v. DiRusso, 535 F.2d 673, 674–676 (1st Cir. 1976) (§2255 grants jurisdiction

over post-conviction claims attacking the "imposition or illegality of the sentence."); Rogers v. United States, 180 F.3d 349, 357 n. 15 (1st Cir. 1999), *cert. denied*, 528 U.S. 1126 (2000) (motion under §2255 is the "exclusive remedy in the sentencing court for any errors occurring at or prior to sentencing, including construction of the sentence itself.").

Under the Sixth Amendment of the United States Constitution, defendants are entitled to effective assistance of counsel pursuant to the standard established in the landmark case of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052 (1984). To find ineffectiveness, counsel's performance should be so prejudicial to undermine the confidence in the fairness of trial or its resulting conviction. Title 28, United States Code, Section 2255.

In order to establish such a claim, Petitioner must make a two part showing. First, defense counsel's performance must be deficient, that is, the attorney must have "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. On top of a flawed performance, there must also be prejudice to the defense. Id. It must be "reasonably likely" that the result of the criminal proceeding would have been different, Id. at 696, and that likelihood "must be substantial, not just conceivable." Harrington v. Richter, 562 U.S. 86, 112, 131 S.Ct. 770, 792 (2011); see also, González-Soberal v. United States, 244 F.3d 273, 278 (1st Cir. 2001) ("[A] reasonable probability is one 'sufficient to undermine confidence in the outcome' "). In applying this test, judicial scrutiny of counsel's performance must be highly deferential. Petitioner has the burden to show ineffective assistance by a preponderance of the evidence.

The Court finds Petitioner has not met this burden in the case at bar.

## LEGAL ANALYSIS

The Court has reviewed the relevant documents and the sentencing transcript and finds Petitioner's contentions unsupported.

A review of the Plea Agreement clearly evidences that "the sentence will be left entirely to the sound discretion of the Court, in accordance with 18 U.S.C. §§ 3551-86, and the United States Sentencing Guidelines." (Criminal No. 14-625 Docket No. 15, p. 2). The Agreement further clearly stated on page 3 that Petitioner was fully aware of the discretion of the sentencing judge, and that he was aware the Court could impose any sentence within the statutory maximum set for the offense for which Petitioner was pleading guilty to. Id., p. 3. The Plea Agreement also stated that Petitioner agreed that he was pleading guilty of his own free will. Id., p. 7.

Upon reviewing the transcript of change of plea hearing, it is clear that Petitioner admitted the following: he had fully read and understood the Plea Agreement; he denied having been induced in any way to plead guilty; he admitted on three (3) occasions that he was aware that the Plea Agreement was only a recommendation and the Court was not bound by it; the Court could reject the recommendations of the Plea Agreement; upon the Court's questioning, Petitioner admitted the Court could impose a sentence more severe than any estimate his attorney may have given or than the one being recommended in the Plea Agreement; and the Court had authority, in some circumstances, to depart from the guidelines and impose a more severe sentence that the one called for in the guidelines. (Criminal No. 14-635, Docket no. 39, pp. 11, 14, 18).

Petitioner's counsel, as well as the Assistant United States Attorney, were both asked whether they believed Petitioner was making a knowing, voluntary and willful plea of guilty at this time, and both replied in the affirmative. Id., p. 6. Petitioner failed to

object to any of these questions posed by the Court. Petitioner did not object either to the answers provided by defense counsel and the prosecutor. Finally, Petitioner himself was asked by the Court whether he was fully satisfied with the services, representation and advice given to him by his counsel, to which Petitioner replied in the affirmative. Id., p. 7.

A review of the record, as above summarized, shows that Petitioner's claims of ineffective assistance of counsel are unfounded. The Plea Agreement clearly stated that the District Judge had full discretion of the sentence to be imposed, and that the Defendant clearly understood this. Petitioner was further asked about his lawyer's competency and Petitioner stated he was satisfied with the legal services provided by his counsel. As such, Petitioner cannot now object on hindsight and allege his counsel was ineffective.

Petitioner also alleges that the District Court "deprived movant of his right to Due Process when the sentencing judge upwardly departed from movant's applicable sentencing guideline range without giving prior notice to the movant that the court was inclined to do so. Nor did the court announce its reasons for doing so." (Docket No. 1, p. 6). The Court also finds these allegations to be meritless.

The minimum term of imprisonment for a violation of Title 18, United States Code, Section 924(c) is five (5) years and the maximum term is life. While the recommendation made in this case was for the minimum of sixty (60) months of imprisonment, or 5 (five) years, as it was indicated in the Plea Agreement, the Court still properly imposed a sentence within the statutory range of seventy-two (72) months of imprisonment, or 6 (six) years.

Furthermore, the reasons for the imposition of this particular sentence were discussed by the District Judge during the sentencing hearing. To this effect, the Court stated Petitioner had previously been convicted in state court of charges similar to the offense he was being charged with in this case, and at that time was granted a diversionary disposition. The Court further stated that Petitioner was privileged to have been on diversion, which he successfully completed, but then he engaged in similar criminal behavior in the present case, which the Court stressed raised issues of lack of respect for the law and the need for deterrence. This is ample justification for the additional twelve (12) month sentence imposed.

Finally, Petitioner claims the District Judge used impermissible considerations in imposing his sentence. Specifically, Petitioner posits the "sentencing judge implicitly expressed his personal belief that one who does good and noble works, and then commits a crime, are more culpable and subject to harsher penalties than those who never did such works and committed a crime." (Docket no. 1, pp. 5-6). Yet, as previously stated, the District Judge was quite clear in that the sentence imposed was outside of the parties' recommendation, not because of personal beliefs, but rather because deterrence was needed due to Petitioner's recurrence in similar criminal conduct as he had previously been accused of in state court and for which he had previously been granted a diversionary disposition. Petitioner's argument is therefore unavailing.

Based on the totality of circumstances, the Court finds Petitioner has failed to show that his counsel's performance fell below an objective standard of reasonableness. See González– Soberal, 244 F.3d at 277 (explaining that petitioner pressing ineffective assistance claim is required to establish entitlement to relief by preponderance of the

evidence). Since Petitioner does not meet the inadequacy prong, he cannot establish prejudice under Strickland.

Since Petitioner has failed to make a preliminary showing that counsel performed deficiently, and that such a deficiency caused him prejudice, the undersigned Magistrate Judge is of the opinion that the Section 2255 post-conviction relief is unwarranted. For the reasons set forth above, Petitioner's ineffective assistance of counsel claim, as well as his additional claims, should be DENIED.

## CONCLUSION

For the reasons stated above, it is recommends that Petitioner's Motion to Vacate, Set Aside or Correct Sentence (Docket No. 1) be DENIED.

IT IS SO RECOMMENDED.

The parties have fourteen (14) days to file any objections to this report and recommendation. See also Amended Local Rules. Failure to file same within the specified time waives the right to appeal this order. Henley Drilling Co. v. McGee, 36 F.3d 143, 150–151(1st Cir. 1994); United States v. Valencia, 792 F.2d 4 (1st Cir. 1986) and Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985, 991 (1st Cir. 1988).

In San Juan, Puerto Rico, this 26th day of July of 2016.

                                              s/CAMILLE L. VELEZ-RIVE
                                              CAMILLE L. VELEZ-RIVE
                                              UNITED STATES MAGISTRATE JUDGE